UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARL GORDON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ELENI KOUNALAKIS, et al.,<br><br>　　　　　　Defendants. | Case No. CV 24-03683-MRA (AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br><br>**CONCLUSIONS AND RECOMMNEDATIONS OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, all of the records herein, and the Report and Recommendation of a United States Magistrate Judge. **On November 30, 2024, Plaintiff filed a provisional objection and notice of conditional objection to the Report and Recommendation (Dkt. No. 69), and on December 9, 2024, Plaintiff filed objections to the Report and Recommendation (Dkt. No. 80).**

　　　The Complaint raised various claims challenging the conduct of California officials, particularly the Lieutenant Governor, during the recall election for Governor in 2021. (Dkt. No. 1.) The Report recommends the grant of Defendant's motion to dismiss

and the dismissal of this action with prejudice.  (Dkt. No. 57.) Plaintiff's objections to the Report (Dkt. Nos. 69, 80) do not warrant a change to the Report's findings or recommendations.

Plaintiff objects that the Report misinterpreted the word "any," as it described the Lieutenant Governor's duties in the recall election, particularly her alleged duty to sign two bills relating to the election.  (Dkt. No. 69 at 5-8.)  As the Report noted, according to an advisory posted on a state government website, "any of the Governor's duties related to the recall are performed by the Lieutenant Governor."  (Dkt. No. 57 at 26.)  But as the Report also found, this informal statement, which makes no reference to the Governor's legislative duties, does not show that the Lieutenant Governor was authorized, much less required, to sign the bills.  (*Id*.)  Plaintiff's objection also overlooks the Report's analysis that, even if he is correct that the Lieutenant Governor had a duty to sign the bills as a matter of state law, there still was no clearly established violation of Plaintiff's federal due process rights.  (*Id*. at 26-28.)

Plaintiff objects that the Report applied incorrect standards, required evidentiary backing, improperly resolved factual disputes, and denied Plaintiff procedural fairness.  (Dkt. No. 80 at 8-12, 23-24, 39-41.)  These objections are unsupported.  The Report set forth and applied the correct legal standards in analyzing the Rule 12 Motion.  (Dkt. No. 57 at 10-13.)  The Report also did not depend on the absence of supporting evidence, resolve

factual disputes, or deny Plaintiff a fair opportunity to litigate his claims.

Plaintiff objects that he has plausibly stated claims for violations of his federal constitutional rights. (Dkt. No. 80 at 13-17, 24-25.) These objections overlook the Report's analysis that, to the extent the claims are not moot, Defendant is entitled to qualified immunity as to these claims because her alleged actions did not violate any clearly established federal rights of which a reasonable state officer would have known. (Dkt. No. 57 at 24-31.)

Plaintiff objects that his claims are not moot because Defendant's unconstitutional actions caused ongoing harm, including impairing Plaintiff's status as both a candidate and a voter. (Dkt. No. 80 at 17-18, 23, 26.) As the Report found, Plaintiff fails to identify any ongoing alleged violations of his rights that this Court could remedy by the grant of prospective relief in this case. (Dkt. No. 57 at 16.) Plaintiff cannot obtain relief from the 2021 election itself or its ongoing effects. (*Id.*)

Plaintiff objects that the recall laws were void and that Defendant abdicated her recall-related duties. (Dkt. No. 80 at 18-22, 25-26, 33-38.) These objections are not responsive to the Report's findings that Plaintiff's federal claims are moot or barred by qualified immunity. As to qualified immunity, the Report explained in detail that it was not clearly established that Defendant's alleged failure to perform her mandated duties during

the recall period violated due process, constituted a taking, or impaired a contractual relationship with the state. (Dkt. No. 57 at 24-31.) Plaintiff does not substantively address the Report's analysis.

**After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. In sum, Plaintiff's Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.** Accordingly, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

**IT IS ORDERED** that (1) Defendant's request for Judicial Notice (Dkt. No. 22-1) is GRANTED; (2) Plaintiff's request for Judicial Notice (Dkt. Nos. 52-53) is GRANTED; (3) Defendant's Motion to Dismiss (Dkt. No. 22) is GRANTED; and (4) Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation on Plaintiff and counsel for Defendants.

DATED: January 22, 2025

MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE